THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN BARTON, FINTY BARTON MICHELLE BARTON, and TYE BARTON, BY AND THROUGH HIS MOTHER AND NEXT FRIEND, CANDY BARTON,<br>    Plaintiffs<br><br>v.<br><br>WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY<br>    Defendant | Civil action No. 20-cv-11099-NMG |

## **PLAINTIFFS' COMPLAINT AND DEMAND FOR A JURY TRIAL**

Now come the Plaintiffs, John Barton, Finty Barton, Michelle Barton and Tye Barton, by and through his mother and next friend, Candy Barton, and for their Complaint against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, state as follows:

### *THE PARTIES*

1. The Plaintiff, John Barton is a natural person and resident of London, England, United Kingdom.

2. The Plaintiff, Finty Barton is a natural person and resident of London, England, United Kingdom.

3. The Plaintiff, Michelle Barton is a natural person and resident of London, England, United Kingdom.

4. The Plaintiff, Tye Barton, is a minor and resident of Rancho Santa Fe, State of California.

5. Candy Barton is the mother and legal guardian of Tye Barton and is a resident of Rancho

Santa Fe, State of California.

6. The Plaintiff are members of the same family.

7. The Defendant, Woods Hole Martha's Vineyard and Nantucket Steamship Authority, is a body politic, duly organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business in Woods Hole, County of Barnstable, Commonwealth of Massachusetts.

## *JURISDICTION*

8. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332, as there is a complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

9. In the alternative, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

## *GENERAL FACTUAL ALLEGATIONS*

10. On or about June 16, 2017, the Plaintiff, John Barton, was a passenger lawfully aboard the M/V IYANOUGH.

11. On or about June 16, 2017, the Plaintiff, Finty Barton, was a passenger lawfully aboard the M/V IYANOUGH.

12. On or about June 16, 2017, the Plaintiff, Michelle Barton, was a passenger lawfully aboard the M/V IYANOUGH.

13. On or about June 16, 2017, the Plaintiff, Tye Barton, was a passenger lawfully aboard the M/V IYANOUGH

14. On or about June 16, 2017, the Defendant, Woods Hole Martha's Vineyard and Nantucket Steamship Authority, owned the M/V IYANOUGH.

15. On or about June 16, 2017, the Defendant, Woods Hole Martha's Vineyard and Nantucket Steamship Authority, chartered the M/V IYANOUGH from some other person or entity such that on or about June 16, 2017, the Defendant, Woods Hole Martha's Vineyard and Nantucket Steamship Authority, was the owner *pro hac vice* of the M/V IYANOUGH.

16. On or about June 16, 2017, the Defendant, Woods Hole Martha's Vineyard and Nantucket Steamship Authority, or its agents, servants, and/or employees, operated the M/V IYANOUGH.

17. On or about June 16, 2017, the Defendant, Woods Hole Martha's Vineyard and Nantucket Steamship Authority, or its agents, servants, and/or employees, controlled the M/V IYANOUGH.

18. On or about June 16, 2017, the M/V IYANOUGH was in navigable waters.

19. On or about June 16, 2017, the M/V IYANOUGH allided with a rock jetty while approaching Hyannis.

20. On or about June 16, 2017, while a passenger aboard the M/V IYANOUGH, the Plaintiff, John Barton, sustained personal injuries when the vessel struck a rock jetty.

21. On or about June 16, 2017, while a passenger aboard the M/V IYANOUGH, the Plaintiff, Finty Barton, sustained personal injuries when the vessel struck a rock jetty.

22. On or about June 16, 2017, while a passenger aboard the M/V IYANOUGH, the Plaintiff, Michelle Barton, sustained personal injuries when the vessel struck a rock jetty.

23. On or about June 16, 2017, while a passenger aboard the M/V IYANOUGH, the Plaintiff, Tye Barton, sustained personal injuries when the vessel struck a rock jetty.

24. Prior to and at the time the Plaintiffs, John Barton, Finty Barton, Michelle Barton and

Tye Barton, sustained the above-mentioned personal injuries, the Plaintiffs were exercising due care.

## COUNT I—NEGLIGENCE
### *John Barton v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority*

25. The Plaintiff, John Barton, reiterates the allegations set forth in paragraphs 1-24 above.

26. The personal injuries sustained by the Plaintiff, John Barton, were not caused by any fault on his part but were caused by the negligence of the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority.

27. As a result of said personal injuries, the Plaintiff, John Barton, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain further damages as will be shown at trial.

**WHEREFORE**, the Plaintiff, John Barton, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury, together with interests and costs.

## COUNT II—GROSS NEGLIGENCE
## GENERAL MARITIME LAW
### *John Barton v. Woods Hole Martha's Vineyard and Nantucket Steamship Authority*

28. The Plaintiff, John Barton, reiterates the allegations set forth in paragraphs 1-24 above.

29. The personal injuries sustained by the Plaintiff, John Barton, were not caused by any fault on his part but were caused by the Defendant's, Woods Hole Martha's Vineyard and Nantucket Steamship Authority's, gross negligence, outrageous and/or reckless conduct, including, without limitation, in the following manners:

   a. The M/V IYANOUGH operated at night and at a high rate of speed without adequate, proper, reasonable, attentive and/or competent staff at the helm;

   b. The M/V IYANOUGH operated at night and at a high rate of speed without

proper, adequate and/or reasonable navigational rules, regulations, policies and/or procedures.

c. The M/V IYANOUGH was operated at night and at a high rate of speed without proper, adequate and/or reasonable stewardship;

d. The M/V IYANOUGH was operated at night at a high rate of speed without proper, adequate and/or reasonable equipment;

e. The Captain, mate and/or pilot of the M/V IYANOUGH was not adequately, properly and/or reasonably trained, including, without limitation, with respect to the vessel's equipment and/or characteristics, the applicable Rules of the Road, the Inland Navigational Rules, and/or the Convention on the International Regulations for Preventing Collisions at Sea ("COLREGS")

f. While the M/V IYANOUGH was travelling at a high rate of speed, the Defendant, its agents, servants, and/or employees, failed to operate the vessel with due care to prevent injury to its passengers;

g. While the M/V IYANOUGH was travelling at a high rate of speed, the Defendant, its agents, servants, and/or employees, failed to follow proper operational and/or safety precautions, procedures and/or policies;

h. The Defendant failed to provide the Captain, Mate and/or pilot with proper training, procedures, policies, regulations, and/or rules for operating the vessel at a high rate of speed at night;

i. While the M/V IYANOUGH was travelling at a high rate of speed, the Defendant, its agents, servants and/or employees were grossly and/or recklessly inattentive to the navigation and/or operations of the vessel causing it to strike a

rock jetty, which was a known hazard to navigation in the area, appearing on navigational charts.

30. As a result of said personal injuries, the Plaintiff, John Barton, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain further damages as will be shown at trial.

**WHEREFORE**, the Plaintiff, John Barton, demands judgment against the Defendant, Woods Hole Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury, together with interests and costs and punitive damages.

### COUNT III—NEGLIGENCE
### Finty Barton v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority

31. The Plaintiff, Finty Barton, reiterates the allegations set forth in paragraphs 1-24 above.

32. The personal injuries sustained by the Plaintiff, Finty Barton, were not caused by any fault on her part but were caused by the negligence of the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority.

33. As a result of said personal injuries, the Plaintiff, Finty Barton, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain further damages as will be shown at trial.

**WHEREFORE**, the Plaintiff, Finty Barton, demands judgment against the Defendant, Wood's Hole, Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury, together with interests and costs.

### COUNT IV—GROSS NEGLIGENCE
### GENERAL MARITIME LAW
### Finty Barton v. Woods Hole Martha's Vineyard and Nantucket Steamship Authority

34. The Plaintiff, Finty Barton, reiterates the allegations set forth in paragraphs 1-24 above.

35. The personal injuries sustained by the Plaintiff, Finty Barton, were not caused by any

fault on her part but were caused by the Defendant's, Woods Hole Martha's Vineyard and Nantucket Steamship Authority's, gross negligence, outrageous and/or reckless conduct, including, without limitation, in the following manners:

   a. The M/V IYANOUGH operated at night and at a high rate of speed without adequate, proper, reasonable, attentive and/or competent staff at the helm;

   b. The M/V IYANOUGH operated at night and at a high rate of speed without proper, adequate and/or reasonable navigational rules, regulations, policies and/or procedures.

   c. The M/V IYANOUGH was operated at night and at a high rate of speed without proper, adequate and/or reasonable stewardship;

   d. The M/V IYANOUGH was operated at night at a high rate of speed without proper, adequate and/or reasonable equipment;

   j. The Captain, mate and/or pilot of the M/V IYANOUGH was not adequately, properly and/or reasonably trained, including, without limitation, with respect to the vessel's equipment and/or characteristics, the applicable Rules of the Road, the Inland Navigational Rules, and/or the Convention on the International Regulations for Preventing Collisions at Sea ("COLREGS");

   e. While the M/V IYANOUGH was travelling at a high rate of speed, the Defendant, its agents, servants, and/or employees, failed to operate the vessel with due care to prevent injury to its passengers;

   f. While the M/V IYANOUGH was travelling at a high rate of speed, the Defendant, its agents, servants, and/or employees, failed to follow proper operational and/or safety precautions, procedures and/or policies;

g. The Defendant failed to provide the Captain, Mate and/or pilot with proper training, procedures, policies, regulations, and/or rules for operating the vessel at a high rate of speed at night;

h. While the M/V IYANOUGH was travelling at a high rate of speed, the Defendant, its agents, servants and/or employees were grossly and/or recklessly inattentive to the navigation and/or operations of the vessel causing it to strike a rock jetty, which was a known hazard to navigation in the area, appearing on navigational charts.

36. As a result of said personal injuries, the Plaintiff, Finty Barton, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain further damages as will be shown at trial.

**WHEREFORE**, the Plaintiff, Finty Barton, demands judgment against the Defendant, Woods Hole Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury, together with interests and costs and punitive damages.

<u>COUNT V—NEGLIGENCE</u>
<u>Michelle Barton v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority</u>

37. The Plaintiff, Michelle Barton, reiterates the allegations set forth in paragraphs 1-24 above.

38. The personal injuries sustained by the Plaintiff, Michelle Barton, were not caused by any fault on her part but were caused by the negligence of the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority.

39. As a result of said personal injuries, the Plaintiff, Michelle Barton, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain further damages as will be shown at trial.

**WHEREFORE**, the Plaintiff, Michelle Barton, demands judgment against the Defendant, Wood's Hole, Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury, together with interests and costs.

*COUNT VI—GROSS NEGLIGENCE*
*GENERAL MARITIME LAW*
*Michelle Barton v. Woods Hole Martha's Vineyard and Nantucket Steamship Authority*

40. The Plaintiff, Michelle Barton, reiterates the allegations set forth in paragraphs 1-23 above.

41. The personal injuries sustained by the Plaintiff, Michelle Barton, were not caused by any fault on her part but were caused by the Defendant's, Woods Hole Martha's Vineyard and Nantucket Steamship Authority's, gross negligence, outrageous and/or reckless conduct, including, without limitation, in the following manners:

    a. The M/V IYANOUGH operated at night and at a high rate of speed without adequate, proper, reasonable, attentive and/or competent staff at the helm;

    b. The M/V IYANOUGH operated at night and at a high rate of speed without proper, adequate and/or reasonable navigational rules, regulations, policies and/or procedures.

    c. The M/V IYANOUGH was operated at night and at a high rate of speed without proper, adequate and/or reasonable stewardship;

    d. The M/V IYANOUGH was operated at night at a high rate of speed without proper, adequate and/or reasonable equipment;

    k. The Captain, mate and/or pilot of the M/V IYANOUGH was not adequately, properly and/or reasonably trained, including, without limitation, with respect to the vessel's equipment and/or characteristics, the applicable Rules of the Road,

      the Inland Navigational Rules, and/or the Convention on the International Regulations for Preventing Collisions at Sea ("COLREGS");

    e. While the M/V IYANOUGH was travelling at a high rate of speed, the Defendant, its agents, servants, and/or employees, failed to operate the vessel with due care to prevent injury to its passengers;

    f. While the M/V IYANOUGH was travelling at a high rate of speed, the Defendant, its agents, servants, and/or employees, failed to follow proper operational and/or safety precautions, procedures and/or policies;

    g. The Defendant failed to provide the Captain, Mate and/or pilot with proper training, procedures, policies, regulations, and/or rules for operating the vessel at a high rate of speed at night;

    h. While the M/V IYANOUGH was travelling at a high rate of speed, the Defendant, its agents, servants and/or employees were grossly and/or recklessly inattentive to the navigation and/or operations of the vessel causing it to strike a rock jetty, which was a known hazard to navigation in the area, appearing on navigational charts.

42. As a result of said personal injuries, the Plaintiff, Michelle Barton, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain further damages as will be shown at trial.

**WHEREFORE**, the Plaintiff, Michelle Barton, demands judgment against the Defendant, Woods Hole Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury, together with interests and costs and punitive damages.

### COUNT VII—NEGLIGENCE
*Tye Barton, by and through his mother and next friend, Candy Barton v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority*

43. The Plaintiff, Tye Barton, by and through his mother and next friend, Candy Barton, reiterates the allegations set forth in paragraphs 1-24 above.

44. The personal injuries sustained by the Plaintiff, Tye Barton, were not caused by any fault on his part but were caused by the negligence of the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority.

45. As a result of said personal injuries, the Plaintiff, Tye Barton, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain further damages as will be shown at trial.

**WHEREFORE**, the Plaintiff, Tye Barton, by and through his mother and next friend, Candy Barton, demands judgment against the Defendant, Wood's Hole, Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury, together with interests and costs.

### COUNT VIII—GROSS NEGLIGENCE
### GENERAL MARITIME LAW
*Tye Barton by and through his mother and next friend, Candy Barton v. Woods Hole Martha's Vineyard and Nantucket Steamship Authority*

46. The Plaintiff, Tye Barton, by and through his mother and next friend, Candy Barton, reiterates the allegations set forth in paragraphs 1-24 above.

47. The personal injuries sustained by the Plaintiff, Tye Barton, were not caused by any fault on his part but were caused by the Defendant's, Woods Hole Martha's Vineyard and Nantucket Steamship Authority's, gross negligence, outrageous and/or reckless conduct, including, without limitation, in the following manners:

   a. The M/V IYANOUGH operated at night and at a high rate of speed without

      adequate, proper, reasonable, attentive and/or competent staff at the helm;

b. The M/V IYANOUGH operated at night and at a high rate of speed without proper, adequate and/or reasonable navigational rules, regulations, policies and/or procedures.

c. The M/V IYANOUGH was operated at night and at a high rate of speed without proper, adequate and/or reasonable stewardship;

d. The M/V IYANOUGH was operated at night at a high rate of speed without proper, adequate and/or reasonable equipment;

l. The Captain, mate and/or pilot of the M/V IYANOUGH was not adequately, properly and/or reasonably trained, including, without limitation, with respect to the vessel's equipment and/or characteristics, the applicable Rules of the Road, the Inland Navigational Rules, and/or the Convention on the International Regulations for Preventing Collisions at Sea ("COLREGS");

e. While the M/V IYANOUGH was travelling at a high rate of speed, the Defendant, its agents, servants, and/or employees, failed to operate the vessel with due care to prevent injury to its passengers;

f. While the M/V IYANOUGH was travelling at a high rate of speed, the Defendant, its agents, servants, and/or employees, failed to follow proper operational and/or safety precautions, procedures and/or policies;

g. The Defendant failed to provide the Captain, Mate and/or pilot with proper training, procedures, policies, regulations, and/or rules for operating the vessel at a high rate of speed at night;

h. While the M/V IYANOUGH was travelling at a high rate of speed, the

      Defendant, its agents, servants and/or employees were grossly and/or recklessly inattentive to the navigation and/or operations of the vessel causing it to strike a rock jetty, which was a known hazard to navigation in the area, appearing on navigational charts.

48. As a result of said personal injuries, the Plaintiff, Tye Barton, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain further damages as will be shown at trial.

      **WHEREFORE**, the Plaintiff, Tye Barton, by and through his mother and next friend, Candy Barton, demands judgment against the Defendant, Woods Hole Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury, together with interests and costs and punitive damages.

**THE PLAINTIFFS CLAIM TRIAL BY JURY AS TO ALL ISSUES RAISED IN THEIR COMPLAINT**

Respectfully submitted for the
the Plaintiffs, John Barton,
Finty Barton, Michelle Barton
and Tye Barton, by and through
his mother and next friend
Candy Barton, by their attorney,

Dated: June 15, 2020

/s/ Jonathan E. Gilzean
Carolyn M. Latti, BBO # 567394
Jonathan E. Gilzean, BBO # 679164
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000